CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUL 09 2012
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| ALLEN CLINE, and <br> LOIS CLINE <br>     Plaintiffs, <br><br><br> HARRISONBURG VA <br> SOCIAL SERVICES, <br> STELLA KNOTT, and <br> CRYSTAL KELLER, <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. 5:12CV00016 <br><br> REPORT AND RECOMMENDATION <br><br> By:  B. WAUGH CRIGLER <br>        U.S. MAGISTRATE JUDGE |

On July 3, 2012, defendants, by counsel, and plaintiffs, *pro* se, appeared to present argument on defendants' respective motions to quash service of process and motion to set aside entry of default by the Clerk on May 21, 2012. (Dkt. Nos. 7, 8, 9, 10, 12.) These motions are before this court in accordance with the authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations for the disposition of the motions.[1] For the reasons that follow, the undersigned will RECOMMEND that the presiding District Judge enter an Order GRANTING plaintiffs' oral motion to voluntarily dismiss this case, DENYING defendants' motions for awards of attorneys' fees and DISMISSING plaintiffs' action from the docket of the court without prejudice.

There is little need to develop the nature of this action except to summarize plaintiffs' representation that it was instituted because they, who are grandparents of a child over which

---

[1] In one sense, a motion to set aside default may be considered a non-dispositive pretrial motion, dispositive authority over which also was referred under 28 U.S.C. §636(b)(1)(A). However, in light of the circumstances occurring in open court on July 3, 2012, the undersigned will recommend granting plaintiffs' oral request for a voluntary dismissal.

there is ongoing litigation in the courts of Virginia, were not given a opportunity to testify at the custody proceedings. Initially, plaintiffs did not appear on July 3, 2012 at the appointed hour when the motions were set to be heard, arriving only after the undersigned had entertained defendants' arguments and had concluded the proceedings. It had been the intention of the undersigned to recommend that default be set aside on the basis that defendants had demonstrated good cause under Fed. R. Civ. P. 55(c) but to deny their requests for the award of attorneys' fees without prejudice to renew should circumstances so justify.[2]

However, before those assembled had dispersed from the courtroom, plaintiffs did appear. They explained that they had thought the hearing was in the state Circuit Court which is located down the street from the United States Courthouse in Harrisonburg, Virginia. This explanation triggered a question by the undersigned about whether plaintiffs truly desired to pursue their claims in this court. This, in turn, led to a rather in-depth discussion on the record among the court, the plaintiffs, and defense counsel about the direction the case was taking, the jurisdictional and substantive defenses that would assert, and defendants' positions regarding recovery of attorneys' fees should they be required to further defend.[3]

---

[2] The motion for fees was occasioned by what defendants contended was a false statement made by the process servers chosen by plaintiffs. An affidavit and exhibits in the record show that the servers' proofs of service were not true, because defendants never were served with a summons and a copy of the complaint as certificated. (Dkt. Nos. 10-1, 10-2, 13-1, 13-2.)

[3] Serious subject matter jurisdictional questions were raised on the face of plaintiffs' pleadings under *Younger v. Harris*, 401 U.S. 37 (1971) and *Moore v. City of Ashville, N.C.*, 396 F.3d 385, 394-396 (4th Cir. 2005). Also, as *pro* se plaintiffs, they faced opposition to the claims they appeared to be asserting on behalf of others. *Myers v. Loudoun County Public Schools*, 418 F.3d 395, 400-402 (4th Cir. 2005). At no time did the court or opposing counsel offer advice as to how plaintiffs should proceed, but they were provided with a summary of the course this litigation may take should they proceed and encouraged to consult with an attorney about the actions they should take under the circumstances. Defense counsel also advised plaintiffs that defendants would acquiesce in abandoning their claims for fees if the proceedings in this court ended at this point.

At the conclusion of the discussions on the record, plaintiffs informed the court that they had made a conscious decision to exercise the option to voluntarily dismiss the action with the understanding that dismissal would be without prejudice to any justiciable claims plaintiffs may have at a later date.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the plaintiffs' verbal motion to voluntarily dismiss the case, DENYING the defendants' motions for awards of attorneys' fees and DISMISSING this action from the docket of the court without prejudice.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

7/9/12
Date